Slip Op. 10-7

UNITED STATES COURT OF INTERNATIONAL TRADE

```
_____
                                     :
ASSOCIATION OF AMERICAN              :
SCHOOL PAPER SUPPLIERS,              :
                                     :
       Plaintiff,                    :
                                     :   Before:      WALLACH, Judge
       v.                            :   Court No.:   09-00163
                                     :
UNITED STATES,                       :   PUBLIC VERSION
                                     :
       Defendant,                    :
                                     :
       and                           :
                                     :
SHANGHAI LIAN LI PAPER               :
PRODUCTS CO., LTD.,                  :
                                     :
       Defendant-Intervenor.         :
_____:
```

[Plaintiff's Motion to Supplement Administrative Record is DENIED.]

Dated: January 25, 2010

<u>Wiley Rein, LLP</u> (<u>Alan Hayden Price</u>) for Plaintiff Association of American School Paper Suppliers.

<u>Tony West</u>, Assistant Attorney General; <u>Jeanne E. Davidson</u>, Director, <u>Patricia M. McCarthy</u>, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (<u>John J. Todor</u>); and <u>Joanna Theiss</u>, Office of Chief Counsel for Import Administration, Department of Commerce, Of Counsel, for Defendant United States.

<u>Garvey Schubert Barer</u> (<u>Ronald M. Wisla</u>) for Defendant-Intervenor Shanghai Lian Li Paper Products Co., Ltd.

**OPINION**

**Wallach, Judge:**

**I
INTRODUCTION**

Plaintiff Association of American School Paper Suppliers ("AASPS") moves to supplement the administrative record compiled by the U.S. Department of Commerce ("Commerce") in the first administrative review of the antidumping duty order on certain lined paper products from the People's Republic of China ("PRC"). The court has jurisdiction pursuant to 19 U.S.C. § 1581(c). AASPS requested oral argument pursuant to USCIT R.7(c). This request was DENIED as moot.[1] For the reasons set below AASPS's Motion to Supplement Administrative Record is denied.

**II
BACKGROUND**

Commerce entered an antidumping duty order on certain lined paper products from the People's Republic of China on September 28, 2006. <u>Notice of Amended Final Determination of Sales at Less Than Fair Value: Certain Lined Paper Products from the People's Republic of China; Notice of Antidumping Duty Orders: Certain Lined Paper Products from India, Indonesia and the People's Republic of China; and Notice of Countervailing Duty Orders: Certain Lined Paper Products from India and Indonesia</u>, 71 Fed. Reg. 56,949 (September 28, 2006) ("Antidumping Duty Order.") On September 28, 2007, Defendant-Intervenor Shanghai Lian Li Paper Products Co. Ltd. ("Lian Li") and several other parties requested that Commerce conduct

---

[1] On December 1, 2009, the court denied as moot AASPS's motion for oral argument. Oral argument was held on December 7, 2009 and no motion was necessary.

2

an administrative review of the Antidumping Duty Order involving certain lined paper products from PRC. Memorandum from Marin Weaver, International Trade Compliance Analyst, China/NME Group, Office 8, to Wendy J. Frankel, Director, Office 8, AD/CVD Operations, <u>Re: Selection of Respondents for the Antidumping Review of Certain Lined Paper Products from the People's Republic of China</u>, (November 7, 2007) Confidential Record ("C.R.") 1, at 1.  On October 1, 2007, AASPS also requested that Commerce conduct an administrative review related to the Antidumping Duty Order. <u>Id.</u>  In response to these requests, Commerce initiated the first administrative review of the Antidumping Duty Order on certain lined paper products from PRC on October 31, 2007. <u>See</u> <u>Initiation of Antidumping and Countervailing Duty Administrative Reviews</u>, 72 Fed. Reg. 61,621 (October 31, 2007).  The period of review for the first administrative review was April 17, 2006, through August 31, 2007. <u>Id.</u>

In response to Commerce's request for surrogate value information, Lian Li submitted the following information on April 1, 2008. <u>See</u> Letter from Garvey Schubert Barer to Hon. Carlos M. Gutierrez, Secretary of Commerce, U.S. Department of Commerce, <u>Re: Certain Lined Paper Products from China: Submission of Surrogate Value Information</u>, (April 1, 2008) P.R. 63 (" Lian Li's April 1, 2008 Letter").  This submission included: Sundaram Multipap Ltd.'s ("Sundaram") 2006-2007 Chairman's Report; Sundaram's 2006-2007 Auditor's Report; Sundaram's Accounting Policy Statement; Notes to Accounts;  Sundaram's first quarter results; and other Sundaram financial data (collectively the "Sundaram Financials"). <u>Id.</u>, at 1, Attachment 4.

Commerce published the preliminary results of the first administrative review on October 7, 2008. <u>Certain Lined Paper Products from the People's Republic of China: Notice of</u>

3

Preliminary Results of the Antidumping Duty Admin Review, 73 Fed. Reg. 58,540 (October 7, 2008) ("Preliminary Results"). After publishing the Preliminary Results, Commerce sent Lian Li two additional supplemental questionnaires to which Lian Li submitted responses on October 16 and November 25, 2008. Certain Lined Paper Products from the People's Republic of China: Notice of Final Results of the Antidumping Duty Administrative Review, 74 Fed. Reg. 17,160, 17,160 (April 14, 2009) ("Final Results"). From January 12 to January 16, 2009, Commerce conducted verification of Lian Li's sales information. Id.

On April 14, 2009 Commerce published the Final Results. See Final Results. On April 17, 2009, AASPS filed its Complaint challenging the Final Results. See Complaint. Following the filing of the Complaint, on July 21, 2009, AASPS filed a motion to supplement the administrative record to include a copy of Sundaram's 2006-2007 annual report. See Plaintiff's Motion to Supplement Administrative Record ("AASPS's Motion").

## III
## STANDARD OF REVIEW

Except in very limited circumstances, this court's review of Commerce's determination is limited to the record before it. See 19 U.S.C. § 1516a(b)(2)(A). This is because the administrative record contains all information which was presented to, or obtained by, Commerce during the course of the administrative review. See e.g., Camp v. Pitts, 411 U.S. 138, 142, 93 S. Ct.1241, 36 L.Ed.2d 106 (1973); Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S.420, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971). If the administrative record is complete, the court's review of Commerce's determination is limited to "the record made before the agency which issued the decision." S. Rep. No. 96-249, 96th Cong., 1st Sess., at 248 (1979), as reprinted in 2 Legislative History of the Trade Agreements Act of 1979.

4

The purpose of limiting review to the record actually before the agency is to guard against courts using new evidence to "convert the . . . standard into effectively de novo review." Murakami v. United States, 46 Fed. Cl. 731,735 (2000), aff'd, 398 F.3d 1342 (Fed. Cir. 2005) (referring to "arbitrary and capricious" standard of review).[2]  A court considering a request to supplement an administrative record should determine "whether supplementation of the record was necessary in order not 'to frustrate effective judicial review.'" Axiom Resource Mgmt. v. United States, 564 F.3d 1374, 1381 (Fed. Cir. 2009) (quoting Camp, 411 U.S. at 142-3) (holding that court abused its discretion by allowing extra-record evidence without finding that lack of evidence would frustrate judicial review).

## IV
## DISCUSSION

AASPS seeks to supplement the administrative record with a copy of Sundaram's 2006-2007 annual report.  AASPS's Motion at 4.  AASPS's Motion is denied because: (1) Sundaram's 2006-2007 annual report was not timely filed by AASPS during the administrative proceeding, infra Part IV. A ; (2) Sundaram's 2006-2007 annual report was publicly available during the administrative proceeding, infra Part IV, B ; and (3) AASPS has not demonstrated that the existing administrative record is so incomplete as to frustrate meaningful review by this court, infra Part IV. C.

---

[2] The standard applied by the court to review factual findings made by Commerce during the course of antidumping proceedings is whether those findings are supported by "substantial evidence."  See 19 U.S.C. § 1516a(b)(1)(B)(i). Even though the arbitrary and capricious standard requires a different level of scrutiny than the substantial evidence standard, see KYD Inc. v. United States, 613 F. Supp. 2d 1371,1375 n. 4, 31 ITRD 1261, CIT (2009), the Federal Circuit 's rationale in Murakami applies here as well.  This is because the "substantial evidence" standard of review like the "arbitrary and capricious" standard, does not permit the court to conduct a de novo review; there is no absence of substantial evidence simply because the reviewing court would have reached a different conclusion based on the same record." Cleo Inc. v. United States, 501 F.3d 1291, 1296 (Fed. Cir. 2007) (citing Universal Camera Corp v. NLRB, 340 U.S. 474, 487-88, 71 S. Ct. 456, 95 L. Ed. 456 (1951)) (emphasis added).

5

## A
## AASPS Was Not Timely In Its Request To Supplement The Administrative Record

AASPS did not submit in a timely fashion the Sundaram 2006-2007 annual report it now seeks to add to the administrative record. Commerce's regulations provide detailed deadlines for the submission of factual information during an antidumping proceeding. See 19 C.F.R. § 351.301(b)(2). Specifically, "[f]or the final results of an administrative review," "a submission of factual information is due no later than: . . . 140 days after the last day of the anniversary month." Id. Accordingly, because the anniversary month was September 2006,[3] the deadline for AASPS to submit the Sundaram 2006-2007 annual report to Commerce was February 17, 2008. AASPS did not comply with this deadline.

Lian Li submitted the Sundaram Financials to Commerce on April 1, 2008. Lian Li's April 1, 2008 Letter. While this date is past the February 17, 2008 deadline for information submissions mandated by 19 C.F.R. § 351.301(b)(2), AASPS could have still submitted additional information to rebut the Sundaram Financials by asking Commerce for permission to submit information. See 19 C.F.R. § 351.301(c)(1). 19 C.F.R. § 351.301(c)(1) sets the time limits for certain submissions for rebuttal, clarification, or correction of factual information. Id. ("Any interested party may submit factual information to rebut, clarify, or correct factual information submitted by any other interested party at any time prior to the deadline provided . . . for submission of such factual information."). AASPS did not submit any factual information related to the 2006-2007 Sundaram annual report throughout the investigation.

---

[3] For purposes of 19 C.F.R. § 351.302(b), the anniversary month is the calendar month in which the anniversary of the date of publication of an order or suspension of investigation occurs. On September 28, 2006, Commerce entered an antidumping duty order on certain lined paper products from the PRC. Antidumping Duty Order, 71 Fed. Reg. 56,949.

6

While AASPS discussed the Sundaram Financials in its March 6, 2009 case brief, it neither sought to admit any information related to the 2006-2007 Sundaram annual report nor provided any factual evidence to rebut the Sundaram Financials. See Association of American School Paper Suppliers, Certain Lined Paper Products from the People's Republic of China: Case Brief, Inv. No. A-570-901 (March 6, 2009) C.R. 35, at 49-55. Indeed, AASPS admits that it did not make any attempt to obtain Sundaram's annual report during the administrative review, "because it was not in its interest to do so." Letter from Timothy Brightbill, Wiley Rein, to Hon. Evan J. Wallach, U.S. Court of International Trade, Re: Availability of 2006-2007 Annual Report of Sundaram Multi Pap Ltd (December 22, 2009) ("AASPS's December 22, 2009 Letter") at 1 (emphasis added). AASPS did not timely submit the 2006-2007 Sundaram annual report to Commerce and cannot supplement the administrative record with that information now that the submission period and general investigation are completed.

**B**
**AASPS Has Not Demonstrated That Supplementation Of The Record Is Necessary Because The Information AASPS Seeks To Add To The Administrative Record Is Not New And Circumstances Have Not Changed Since The Administrative Review**

This court has in certain unique factual situations recognized various circumstances in which parties are allowed to supplement the administrative record certified by the agency.[4] A party may supplement the administrative record in the following circumstances: when at the time

---

[4] Courts may also expand review beyond the record or permit discovery: when the party demonstrates that there is a strong basis to believe that materials considered by the agency decision makers are not in the record, see e.g., Ammex, Inc. v. United States, 23 CIT 549, 556-57, 62 F. Supp. 2d 1148 (1999); Sachs Auto. Prods. Co. v. States, 17 CIT 290, 293 (1993); Saha Thai Steel Pipe Co., Ltd. v. United States, 11 CIT 257, 260-61, 661 F. Supp. 1198 (1987); to obtain background information necessary for the court to make an informed decision Animal Defense Council v. Hodel, 840 F.2d 1432, 1436 (9th Cir. 1988); and to explain the existing record and judge the adequacy of the procedures and facts considered, Former Employees of Pittsburgh Logistics Sys., Inc. v. United States Sec'y of Labor, 27 CIT 339, 343 (2003). Those alleging government bad faith must rebut the presumption "that public officials act in good faith when discharging their duties" through clear and convincing evidence. SKF USA Inc. v. United States, 29 CIT 969, 971, 391 F. Supp. 2d 1327 (2005).

that supplementation of the record is sought, there is new, changed, or extraordinary information available that was not available during the investigation, see Beker Indus. Corp. v. United States, 7 CIT 313, 318 (1984); and when the party makes a strong showing of bad faith or improper behavior by agency decision makers. See F.l: De Cecco di Filippo Fara San Marino S.p.A. v. United States, 21 CIT 1124, 1126, 980 F. Supp. 485 (1997).

AASPS argues that supplementation of the administrative record is warranted on the basis of changed or new information.[5] AASPS's Motion at 4. Specifically, AASPS argues that Sundaram's 2006-2007 annual report should be admitted to the administrative record as new information for the purpose of showing that material information was misrepresented to the agency and that the final determination was improperly based on information that it was not what it was claimed to be. Id. However, AASPS concedes that this information was publicly available online during the entire investigation period. See Id. at 3.[6] AASPS admits that " [t]he file for Sundaram's 2006-2007 annual report was first created on September 29, 2007." See AASPS's December 22, 2009 Letter at 1, Ex. 1. AASPS further states that it "believes that the [Sundaram 2006-2007 annual] report was publicly available from September 29, 2007 onwards." Id. at 2. Accordingly, because the information AASPS seeks to admit is not new, supplementation on this basis is not appropriate.

---

[5] AASPS alleges that Lian Li has committed fraud, see AASPS's Motion at 1, but does not specifically allege that Commerce itself perpetuated any fraud or misrepresentation during the course of the investigation. See Id. Courts have held that it is fraud or bad faith dealing on the part of the agency itself that would call for the court to supplement the agency record. Ammex Inc. v. United States, 27 CIT 1811, 1813 (2003)( When bad faith on the part of government officials is not alleged by petitioner, this court will not supplement the administrative record on that ground).

[6] The information that AASPS claims is new consists of publicly available information relating to Sundaram obtained from the websites www.moneycontrol.com and www.indiainfonline.com by financial consultants hired by Lian Li for the purposes of obtaining surrogate value information in the underlying administrative proceeding. Defendant Intervenor's Response to Plaintiff's Motion to Supplement Administrative Record at 2.

8

This court has repeatedly held that judicial review must be based solely upon the administrative record made during the particular review proceeding which resulted in the determination subject to judicial review. See e.g. Beker, 7 CIT at 313-18 (Plaintiff sought to add information and documents from proceedings before or during the review in question; this court denied the request because Plaintiff could have sought access to most, if not all, of this information and attempted to introduce it into the record at the agency level.); Nakajima All Co., Ltd. v. United States, 2 CIT 25 (1981).[7] The scope of the record for purposes of judicial review must be based upon information which was "before the relevant decision-maker" and was presented and considered "at the time the decision was rendered." Beker, 7 CIT at 315 (quotation omitted.) "This information, which constitutes the formal record is the only information upon which the factual findings and legal conclusions underlying the challenged determination could have been based." Id. at 316. "An attempt to supplement the record now in the fashion attempted by plaintiff is tantamount to seeking de novo review through the back door." Id. at 317.

In this case, AASPS has offered no evidence that the Sundaram 2006-2007 annual report qualifies as "new . . . information." See AASPS's Motion at 4. Because AASPS has made no showing that it could not have taken steps to place the Sundaram 2006-2007 annual report before the administrative decision-maker, "the court should not allow it belatedly to expand the record

---

[7] In Nakajima, 2 CIT 25, at 25 Plaintiff moved to amend and supplement the administrative record in an action under 19 U.S.C. § 1516a by adding two documents claimed to have come to the attention of counsel after the action had been commenced. This court agreed with Defendant and Defendant-Intervenor that the granting of such a motion would be contrary to 19 U.S.C. § 1516a which provides that determinations in antidumping proceedings are reviewed upon the administrative record. Id. at 25-26. This court also noted that this scope of review, predicated solely upon the basis of the administrative record, is in accord with general principles of judicial review of administrative action. Id. at 26.

9

with this information." Beker, at 318.  Accordingly, as in Beker, supplementation of the existing administrative record is not appropriate**.**

## C
## AASPS Has Not Made A Sufficient Showing That The Existing Administrative Record Is Incomplete So As To Frustrate Meaningful Judicial Review

AASPS claims that Commerce "has relied on data that was materially misrepresented and/or potentially or actually submitted under false pretenses." AASPS's Motion at 4. According to AASPS, throughout the course of the administrative review, AASPS "clearly and plainly alleged on numerous occasions that the document was not what Lian Li said it was." Id. at 2.  AASPS asks the court to admit the Sundaram 2006-2007 annual report because it alleges: (1) Commerce misrelied on the information submitted by Lian Li id. at 1; (2) this information "compromised the accuracy of the proceedings," id. at 5 (quotation omitted); and (3) that inclusion (of the report) is necessary because it "may influence the court's own determinations." Id. at 5.  AASPS provides no record support for these particular arguments. See AASPS's Motion 2-5.  This court has held that when a party does not demonstrate that an administrative record was so incomplete as to "frustrate meaningful review" supplementation of the administrative record is not warranted. Ammex Inc. v. United States, 27 CIT 1811, 1812 (2003).

The existing administrative record before this court is clearly not so incomplete as to "frustrate meaningful review." Id.  During the administrative review proceedings, Commerce conducted on-site verifications of Lian Li's submitted financial information from January 12 to January 16, 2009. See Memorandum from Cindy Robinson and Victoria Cho, Case Analysts, Office 3, U.S. Department of Commerce, to the File, Re: the First Administrative Review of Certain Lined Paper Products from the People's Republic of China: Verification of the Sales and

10

Factors of Production Responses of Shanghai Lian Li Paper Products Co., Ltd. (February 26, 2009), CR 33, ("Commerce's Verification Report on Lian Li') at 1. On February 26, 2009, after conducting the on-site verification of Lian Li, Commerce issued three separate reports regarding verification of factors of production for Shanghai MiaoPanFang Paper Products Co., Ltd. ("MPF"), Shanghai Sentian Paper Products Co. Ltd. ("Sentian")[8], and Lian Li respectively. See Memorandum from Cindy Robinson and Victoria Cho, Case Analysts, Office 3, U.S. Department of Commerce, to the File, Re: the First Administrative Review of Certain Lined Paper Products from the People's Republic of China: Verification of the Factors of Production Responses of Shanghai MiaoPanFang Paper Products Co., Ltd. ("MPF") (February 26, 2009), CR 32; Memorandum from Cindy Robinson and Victoria Cho, Case Analysts, Office 3, U.S. Department of Commerce, to the File, Re: the First Administrative Review of Certain Lined Paper Products from the People's Republic of China: Verification of the Factors of Production Responses of Sentian Paper Products Co. Ltd. ("Sentian") (February 26, 2009), CR 34; Commerce's Verification Report on Lian Li at 2 ("No particular issues or factual observations arose . . . which may require further consideration by [Commerce].")

Commerce's verification reports did not state that Lian Li's submissions were so incomplete and inaccurate as to not comply with Commerce's standards. See id. Commerce conducts verifications in order to test the information provided by a party for completeness and accuracy. Micron Tech., Inc. v. United States, 19 CIT 829, 849, 893 F. Supp. 21 (1995) (citation omitted). As long as "Commerce applies a reasonable standard to verify materials submitted,

---

[8] MPF and Sentian are two producers of merchandise that Lian Li purchases. See Section A: Response of Shanghai Lian Li Paper Product Co., Ltd. ITA Case No. A570-901, (December 6, 2007) CR at 3.

and the verification is supported by such relevant evidence as a reasonable mind might accept, the Court will not impose its own standard to superceding that of Commerce." (citation omitted) Hercules, Inc. v. United States, 11 CIT 710, 726, 673 F. Supp. 454 (1987).

Throughout the administrative proceeding, Commerce requested additional data from Lian Li and Lian Li timely provided information to Commerce: supplying six additional supplemental questionnaires upon request.[9] During this time, AASPS submitted to Commerce nine separate comments regarding the perceived inadequacy of Lian Li's submitted section reports and supplemental questionnaires (collectively, "AASPS's Deficiency/Rebuttal Comments").[10] In these nine documents AASPS has clearly documented its objections to Lian Li's data submissions and the quality of the data submitted. AASPS's Deficiency/Rebuttal Comments, which are part of the existing administrative record, clearly state AASPS's allegations against Lian Li.[11] Accordingly, the existing record is not so incomplete as to required supplementation.

---

[9] From December 6, 2007, to January 9, 2009 (the first day of Commerce's on-site verification), Commerce and Lian Li corresponded sixteen times regarding submission of Lian Li's data: ( December 6, 2007 (CR 2); December 13, 2007 (CR 3); January 4, 2008 (CR 5); January 10, 2008 (CR 6); January 22, 2008 (CR 8); January 23, 2008 (CR 9); February 6, 2008 (CR 11); February 27, 2008 (CR 12); March 6, 2008 (CR 12); April 1, 2008 (CR 15); April 11, 2008(2) (CR 17, CR 18); April 23, 2008 (CR 20); October 2, 2008 (CR 25); October 16, 2008 (CR 26); and January 6, 2008) (CR 30).

[10] From December 6, 2007, to January 9, 2009, AASPS wrote to Commerce nine separate times regarding the inadequacies of Lian Li's data submissions: (January 17, 2008 (CR 7); January 31, 2008 (CR 10); March 12, 2008 (CR 14); April 8, 2008 (CR 16); April 15, 2008 (CR 19); May 1, 2008 (CR 21); October 27, 2008 (CR 27); December 17, 2008 (CR 29); and January 9, 2009 (CR 31).

[11] See id.

12

# V
# CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Plaintiff's Motion to Supplement Administrative Record is DENIED.

_/s/ Evan J. Wallach__
Evan J. Wallach, Judge

Dated: January 25, 2010
　　　New York, NY

UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |  |
|---|---|---|---|
| ASSOCIATION OF AMERICAN SCHOOL PAPER SUPPLIERS, | : : : | | |
| Plaintiff, | : : | Before: | WALLACH, Judge |
| v. | : : | Court No.: | 09-00163 |
| UNITED STATES, | : : | | |
| Defendant, | : : | | |
| and | : : | | |
| SHANGHAI LIAN LI PAPER PRODUCTS CO., LTD., | : : : | | |
| Defendant-Intervenor. | : : | | |

**ORDER**

Plaintiff Association of American School Paper Suppliers having brought its Motion to Supplement Administrative Record ( "Plaintiff's Motion") the court having reviewed all papers and pleadings on file herein, having heard oral argument by each party, and after due deliberation, having reached a decision herein; now, in conformity with said decision, it is hereby

ORDERED that Plaintiff's Motion is DENIED; and it is further

ORDERED that all parties shall review the court's Opinion in this matter and notify the court in writing on or before Tuesday, February 2, 2010, whether any information contained in the Opinion is confidential, identify any such information, and request its deletion from the public version of the Opinion to be issued thereafter.  The parties shall suggest alternative language for any portions they wish deleted.  If a party determines that no information needs to be deleted, that party shall so notify the court in writing on or before Tuesday, February 2, 2010.

__/s/ Evan J Wallach__
Evan J. Wallach, Judge

Dated: January 25, 2010
      New York, New York

# NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court

Date: _____  By: _____
                                    Deputy Clerk