Slip. Op. 10-22

UNITED STATES COURT OF INTERNATIONAL TRADE

---

|  |  |
|---|---|
| ASSOCIATION OF AMERICAN SCHOOL PAPER SUPPLIERS, | : <br> : <br> : |
| Plaintiff, | : <br> : |
| v. | :    Before:    WALLACH, Judge <br> :    Court No.:    09-00163 |
| UNITED STATES, | : <br> : |
| Defendant, | : <br> : |
| and | : <br> : |
| SHANGHAI LIAN LI PAPER PRODUCTS CO., LTD., | : <br> : <br> : |
| Defendant-Intervenor. | : |

---

[Motion of the Committee to Support U.S. Trade Laws for Leave to Appear as Amicus Curiae is DENIED.]

Dated:     March 3, 2010

Wiley Rein, LLP (Alan Hayden Price) for Plaintiff Association of American School Paper Suppliers.

Tony West, Assistant Attorney General; Jeanne E. Davidson, Director, Patricia M. McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (Michael David Panzera and John J. Todor); and Joanna Theiss, Office of Chief Counsel for Import Administration, U.S. Department of Commerce, of Counsel, for Defendant United States.

Garvey Schubert Barer (Ronald M. Wisla) for Defendant-Intervenor Shanghai Lian Li Paper Products Co., Ltd.

Kelley Drye & Warren, LLP (Jeffrey Sanford Beckington) for Proposed Amicus Committee to Support U.S. Trade Laws.

# OPINION

**Wallach, Judge:**

## I
## INTRODUCTION

Proposed Amicus Committee to Support U.S. Trade Laws ("CSUSTL") has filed a motion to appear as <u>amicus curiae</u> in this matter, on behalf of Plaintiff Association of American School Paper Suppliers ("AASPS"), and has submitted a proposed amicus brief. The court has jurisdiction in the underlying action pursuant to 28 U.S.C. § 1581(c). For the reasons set forth below, CSUSTL's Motion for Leave to Appear as Amicus Curiae is DENIED.

## II
## BACKGROUND

On April 14, 2009, the U.S. Department of Commerce (the "Department") issued the final results of its first administrative review of the antidumping duty order covering certain lined paper products from the People's Republic of China. See <u>Certain Lined Paper Products from the People's Republic of China: Notice of Final Results of the Antidumping Duty Administrative Review</u>, 74 Fed. Reg. 17,160 (April 14, 2009) ("<u>Final Results</u>"). On April 17, 2009, AASPS filed a complaint seeking judicial review of the <u>Final Results</u>. Complaint at 1, 4. On July 21, 2009, AASPS filed a motion to supplement the administrative record ("AASPS's Motion to Supplement"). In its Motion to Supplement, AASPS argues that it should be allowed to supplement the record with certain data which allegedly showed that Defendant-Intervenor Shanghai Lian Li Paper Products Co., Ltd. ("Lian Li") perpetrated fraud upon Commerce during the investigation.[1] <u>See</u> AASPS's Motion to Supplement at 1-5. On October 2, 2009, CSUSTL

---

[1] The court heard oral argument on Plaintiff's Motion to Supplement the Administrative Record on December 7, 2009, and issued Slip Opinion 10-7 with respect to this issue on January 25, 2010.

filed its Motion of the Committee for Leave to Appear as Amicus Curiae ("CSUSTL's Motion"). Thereafter, without receiving leave from the court[2], CSUSTL submitted the Committee to Support U.S. Trade Laws' Amicus Brief ("CSUSTL's Proposed Amicus Brief") on October 9, 2009. On November 10, 2009, the court held oral argument to discuss CSUSTL's Motion and Proposed Amicus Brief.

## III
## STANDARD FOR DECISION

USCIT Rule 76 provides that amicus curiae status may be granted by motion or request of the court. USCIT R. 76. A motion for leave to appear as amicus curiae must identify the applicant's interest and the "reasons why an amicus curiae is desirable." Id. Federal courts have broad discretion in allowing, and defining the roles, of amicus curiae. See, e.g., United States v. Michigan, 940 F.2d 143, 165 (6th Cir. 1991); Clark v. Sandusky, 205 F.2d 915, 917 (7th Cir. 1953). Furthermore, federal courts of appeals have held that the district court's denial of a motion to participate as amicus curiae is not appealable. See e.g. Sec. and Exch. Comm'n v. Better Life Club of Am., Inc., 1998 WL 389102 (D.C. Cir. 1998), at *1. "[A]micus briefs are solely for the benefit of the Court and their filing and scope are strictly subject to its control." Stewart-Warner Corp. v. United States, 4 CIT 141, 142 (1982). The granting of an amicus curiae motion "does not bestow a general right of participation, but rather is limited to those issues which the Court allows the amicus to address." Id.

---

[2] USCIT Rule 76 states that the filing of a brief by an amicus curiae may be allowed on motion made as prescribed in USCIT Rule 7 or at request of the court. CSUSTL did not file a motion with this court, however at oral argument counsel for CSUSTL explained that it filed its proposed amicus brief with AASPS's Motion for Summary Judgment, in lieu of filing a motion with this court, in an attempt to follow the requirements of USCIT Rule 76.

3

# IV
# DISCUSSION
## A
### Overview Of Factors In Granting Amicus Curiae

There is no precedent directly on point, either in this court or in the Federal Circuit, on factors applicable in analyzing a motion to appear as an amicus party. In determining whether the participation of an amicus curiae is appropriate, courts typically exercise their discretion by considering several factors, including the following: (1) whether the proposed amicus is a disinterested entity; (2) whether there is opposition to the entry of the amicus; (3) whether counsel is capable of making arguments without the assistance of an amicus; (4) the strength of the information and argument presented by the potential amicus curiae's interests; and, perhaps most importantly (5) the usefulness of information and argument presented by the potential amicus curiae to the court. See Advanced Sys. Tech. Inc. v. United States, 69 Fed. Cl. 355, 357 (2006); Am. Satellite Co. v. United States, 22 Cl. Ct. 547, 549 (1991), (subsequent history omitted). Upon examination of these factors CSUSTL's motion is denied because: (1) CSUSTL's proposed Amicus Brief does not address any new or insightful arguments but, instead, appears to be a re-argument of AASPS's Motion to Supplement; and (2) Defendant United States ("Defendant") and Lian Li both objected to the admission of CSUSTL's proposed Amicus Brief.

## B
### CSUSTL's Proposed Amicus Brief Did Not Provide Any New or Useful Information

CSUSTL's proposed Amicus Brief does not introduce any new or useful information which would aid the court in deciding the legal issues in this case. Instead, CSUSTL's proposed Amicus Brief mainly describes the alleged fraud it believes that Lian Li has perpetuated on

Commerce during the proceeding that is the subject of this litigation. See CSUSTL's proposed Amicus Brief at 1-5.

CSUSTL's proposed Amicus Brief states that Commerce "failed to address the potentially fraudulent nature of [Lian Li's] submissions or to sanction or penalize [Lian Li] for these submissions. In doing so, Commerce tolerated and perpetuated fraud on the agency and on a foreign government." Id. at 3. Additionally, CSUSTL discusses in detail: (1) Lian Li's allegedly fraudulent submission of Sundaram Multi Pap Ltd.'s ("Sundaram") official annual report, id. at 3, which is the subject of AASPS's Motion to Supplement; and (2) Lian Li's allegedly fraudulent use of Sentian's tax returns, id. at 4-5, which is extensively discussed by AASPS in its brief pursuant to USCIT R. 56.2, AASPS's Motion for Judgment on Agency Record at 10-12. CSUSTL's argument regarding Sundaram is virtually identical to AASPS's argument in its Motion to Supplement. When asked at oral argument how exactly its proposed Amicus Brief differs from AASPS's Motion to Supplement, counsel for CSUSTL stated that "we believe [we] have a valuable perspective on the intensity and the problems that crop up with the Department's conduct in a number of instances where they are presented with fraud or potential fraud" and that this issue "is becoming more problematic." November 10, 2009 Oral Argument at 18:07-24, 19:14-16. CSUSTL has not provided new or useful information; its proposed Amicus Brief is a re-phrasing of AASPS's fraud arguments.

In deciding whether to grant a motion to appear as amicus curiae, courts consider "whether participation by the amicus will be useful to it, as contrasted with simply strengthening the assertions of one party." Am. Satellite, 22 Cl. Ct. at 549; see also Siam Food Prods. Pub. Co., Ltd. v. United States, 22 CIT 826, 830, 24 F. Supp. 2d 276, (1998). CSUSTL's allegedly "unique perspective" regarding its belief that fraud was perpetrated by Lian Li using the

5

Sundaram annual report is no different than AASPS's argument and is, in fact, duplicative. See CSUSTL's Motion at 2; AASPS's Motion to Supplement at 1-5. Amicus briefs which "duplicate the arguments made in litigants' briefs, in effect merely extend[ing] the length of the litigant's brief . . . and should not be allowed." Ryan v. Commodity Futures Trading Comm'n, 125 F.3d 1062, 1063 (7th Cir. 1997). During the November 10, 2009 Oral Argument, CSUSTL devoted a substantial part of its argument to fraud perpetuated upon Commerce, and specifically fraud allegedly perpetrated by Lian Li. See November 10, 2009 Oral Argument at 10:14-11:05; 12:46-13:31; 17:31-18:29; 18:57-19:28; 23:10-23:37; 26:15-26:43; 28:28-28:40; 30:41-31:18; 31:41-32:33. As noted in Ryan, "[i]n an era of heavy judicial caseloads and public impatience with the delays and expense of litigation, we judges should be assiduous to bar the gates to amicus curiae briefs that fail to present convincing reasons why the parties' briefs do not give us all the help we need for deciding the appeal." Ryan, 125 F.3d at 1064.

Thus, because it is a re-argument of AASPS's case, the court denies CSUSTL's Motion.

### C
### Not All Parties Consented To CSUSTL's Motion

Defendant and Lian Li did not consent to CSUSTL's Motion. See Defendant's Response to Motion of Committee to Support U.S. Trade Laws For Leave To Appear as Amicus Curiae ("Defendant's Response") at 1-3. In its Response, Defendant argues that "[p]ermitting CSUSTL to appear as amicus curiae would prejudice the Government by requiring [them] to respond to the arguments of, in essence, a second plaintiff." Id. at 3.

Opposition by the parties is a factor militating against allowing participation. Am. Satellite, 22 Cl. Ct. at 549. "One factor weighing . . . is whether everyone consents [to the amicus.]" November 10, 2009, Oral Argument at 14:27-14:37. Accordingly, the opposition of

6

both Defendant and Lian Li to CSUSTL's proposed <u>Amicus</u> involvement is a factor in the court's denial of CSUSTL's Motion.

## V
## CONCLUSION

For the aforementioned reasons, it is hereby ORDERED that the Motion of the Committee to Support U.S. Trade Laws for Leave to Appear as Amicus Curiae is DENIED.

\_\_/s/ Evan J. Wallach\_
Evan J. Wallach, Judge

Dated: March 3, 2010
      New York, New York

# NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court

Date: _____    By: _____
                                      Deputy Clerk